# OFFICIAL SYLLABI
# Ohio Appeals

HAGER v. CLEVE. TR. CO.

Ohio Appeals, 8th Dist., Cuyahoga Co. Judges of the 1st Dist., sitting.

Joseph B. Keenan, Cleveland, for Hager.

Dustin, McKeehan, Merrick, Arter & Stewart and Neil P Beall, Cleveland, for Cleveland Tr. Co.

MILLS, J.

NEGLIGENCE.

(370 P5) Under Section 11345 GC., requiring that pleadings be liberally construed, petition in action for injuries, alleging that plaintiff was injured in pursuance of occupation as contracting painter when using lavatory in building, by reason of a sudden and violent eruption of steam into bowl, held to state a good cause of action under the rule of res ipsa loquitur, without regard to specific allegations of negligence.

(370 R) Negligence of owner of building, in respect to injury to contracting painter employed by one of tenants, sustained when using lavatory, by reason of violent eruption of steam into bowl, held question for jury, under the doctrine of res ipsa loquitur, in view of allegations of petition and evidence offered in support thereof.

(370 L2) Contracting painter, in employ of tenant of building, held, as respects injury resulting when using lavatory, a licensee on premises of the owner, in that one coming upon premises of owner with his consent, for some purpose in which owner may be interested, will be held to be invited by owner either by express or by implied invitation.

(370 D3) In an action against the owner of a building for injuries to painter in employ of tenant when using lavatory, action of trial court in withdrawing specific allegations of negligence from consideration of jury held erroneous, in that case was proper to go to jury under doctrine of res ipsa loquitur.

(370 C3) In action for injuries to painter in employ of tenant of building when using lavatory, by reason of violent eruption of steam into bowl, instruction to effect that owner would not be liable for errors of construction or defects in hot water apparatus of tenant held erroneous, as withdrawing from jury's consideration owner's negligence in permitting a defective or improperly constructed apparatus to be connected with its main cold water supply pipe.

(370 C3) In action for injuries to painter in employ of tenant when using lavatory by reason of violent eruption of steam into bowl, instruction precluding recovery in case jury was unable to determine whether accident resulted from negligence of other tenant or of owner held erroneous, as tending to confirm jury in belief that concurrent negligence of other tenant would relieve owner of liability for negligence proximately causing injuries.

(370 E2) In action for injuries to painter employed by tenant of building, when using lavatory, by reason of violent eruption of steam into bowl, question propounded to expert witness relative to having encountered cases of hot water being generated in gas-heating tanks held improper as involving collateral issues, and not limited to cases where machine was operated under practically the same conditions.

REAL ESTATE.

(510 La1) In action for injuries to painter employed by tenant, when using lavatory, by reason of eruption of steam into bowl, admission of testimony to effect that heating apparatus in building had been installed in accordance with ordinances and building code held erroneous, as not in accordance with Section 4235 GC., providing for proof of municipal ordinances.

(Hamilton, P. J., and Cushing, J., concur.)

HISTORY:—Action in Common Pleas by Hager v. Cleve. Tr. Co. for damages for personal injuries. Judgment for defendant. Plaintiff prosecuted error. Reversed and remanded. Motion to certify overruled by Supreme Court.

For reference to full opinion, see Omnibus Index, last page, this issue.